Dora T. Schless, Plaintiff, *v.* Andrew B. Burley and Another, Individually and as Copartners Doing Business under the Firm Name and Style of Burley & Co., Formerly Burley & Bigoney and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, April 16, 1937.

*Leo E. Berson*, for the plaintiff.

*Nevius, Brett & Kellogg*, for the defendant Burley & Co.

Raimo, J. These are two motions, one by the defendants comprising the firm of Burley & Co. to dismiss the plaintiff's complaint pursuant to rules 112 and 113 of the Rules of Civil Practice, and the other a cross-motion by the plaintiff against the defendants comprising the firm of Burley & Co. for summary judgment. The plaintiff and these defendants have stipulated in writing that the court

may consider the affidavits submitted by the plaintiff on such cross-motion for summary judgment.

This action is brought by the plaintiff against the defendants to recover an assessment amounting to the sum of $250, representing the sum paid by the plaintiff as record holder of ten shares of the Bank of the United States stock to the superintendent of banks, and which she claims were resold by her to the defendants prior to the closing of the bank, and of which stock one of the defendant companies was the last owner prior to the closing of said bank. The answer of the defendant copartnership of Burley & Co., formerly Burley & Bigoney, is a general denial.

Prior to December 10, 1930, the plaintiff was the owner of record of ten shares of Bank of United States stock. On that day she placed an order for the sale of this stock with her brokers, Rein- hardt & Bennett. They offered to sell ten shares of stock to Burley & Bigoney, now Burley & Co., one of the defendants herein. Before accepting such offer, and while Reinhardt & Bennett was still on the telephone, Burley & Co. offered to sell ten shares of stock at an eighth of a point higher to Hoit, Rose & Troster, and upon the latter's acceptance, Burley & Co. purchased the ten shares from Reinhardt & Bennett.

In the transaction of purchase and sale, Burley & Co. designated Goodbody & Co. as its clearing agent to receive delivery of the stock from Reinhardt & Bennett, and make delivery to Hoit, Rose & Troster.

On December 11, 1930, Goodbody & Co. delivered to Hoit, Rose & Troster ten shares of Bank of United States stock. The certifi- cate so delivered by Goodbody & Co. was in the name of one of its customers and was taken out of its " box " (which it was per- mitted to do under arrangements made with its customer). It was replaced with certificate No. 0103333 in the name of the plaintiff. The latter certificate was delivered to Goodbody & Co. on Decem- ber 17, 1930, by Reinhardt & Bennett in fulfillment of its con- tract of sale.

The Bank of United States failed to open on December 11, 1930, and the plaintiff, as the record owner of the ten shares of stock represented by certificate No. 0103333, was compelled to pay the statutory assessment to the Superintendent of Banks. She insti- tuted this action for reimbursement of the amount of such assess- ment from her immediate purchaser, Burley & Co., or, in the alternative, Hoit, Rose & Troster, as the real owner of the ten shares of stock.

The plaintiff having sold her stock prior to the closing of the bank, it is clear and well established that she was entitled to reim-

bursement from some one for any payment she was compelled to make by reason of her record ownership. (*Johnson* v. *Underhill*, 52 N. Y. 203.)

The plaintiff owned only one certificate for ten shares of stock and it may be fairly assumed that she intended to sell the only stock she owned. It is true that after the sale was made, as the defendant Burley & Co. contends, if she chose, she could have delivered other shares which she might have acquired in the interval between the sale and the delivery. She did not, however, do so. She did deliver certificate No. 0103333.

It has been held that the obligation of the beneficial owner of stock to indemnify the record owner rests, not upon actual agreement, but upon equitable principles. (*Broderick* v. *Aaron*, 264 N. Y. 368, 377.) If Burley & Co. became the beneficial owner of ten shares of stock and entitled to the rights and privileges attached to such ten shares, it obtained, at the same time, the correlatve duty to bear the burden. The obligation of Burley & Co. to indemnify the plaintiff arose at the same moment that it became entitled to the rights and privileges that attached to the stock, and such privileges and burdens, in so far as the plaintiff and Burley & Co. are concerned, arose on the date of the contract of sale, and not at the time of delivery of the shares. (*Broderick* v. *Alexander* [*Kahn*], 268 N. Y. 306.)

The failure of the plaintiff to identify any specific shares of stock in her contract of sale is not fatal to her right to be reimbursed. Before the delivery of certificate No. 0103333, Burley & Co. acquired no privileges that attached to such certificate. It merely acquired the right, when it made its purchase, to receive from the plaintiff ten shares of stock, together with any advantages that attached to the ten shares to be delivered by the plaintiff in fulfillment of her agreement. When certificate No. 0103333 of the plaintiff was actually delivered and accepted by Goodbody & Co. in behalf of Burley & Co., the latter became entitled to the privileges that attached to that certificate from the date of the contract of sale, and simultaneously became obligated on the burdens attached to such certificate.

" Thus until delivery the seller did not part with the beneficial interest in any specific shares of stock and the buyer acquired no beneficial interest in any specific shares of stock. None the less, the buyer was entitled to receive from the seller the stipulated number of shares, together with the right to any benefits accruing upon such shares from the time when the contract of purchase and sale was made. (*Currie* v. *White*, 45 N. Y. 822.) By delivery of certificates for the 200 shares of stock standing in the name of the

defendant Greif, Hoit, Rose & Troster acquired the right also to any benefit which might have accrued upon those shares in the interval between sale and delivery. They also thereby became subject to the correlative duty of indemnifying the seller against any burden of liability which might have accrued against him as owner of record of the stock during the same interval. In that interval the statutory liability had accrued. Here it is immaterial whether or not specific shares of stock were appropriated to the contract of sale by the seller before that liability accrued. * * * When delivery of specific stock is made with the benefits of ownership of such stock from the date of contract of sale, the burden of indemnity is as broad as the benefit received and attaches to the same specific stock. Both relate back to the time when the contract of sale was made. (*Broderick* v. *Alexander* [*Kahn*], 268 N. Y. 306.) " (*Broderick* v. *Adamson* [*Greif*], 270 id. 260, 263.)

Burley & Co. did not become free of its liability because it made only one purchase of ten shares of stock from the plaintiff, and one sale of ten shares of stock to the defendant Hoit, Rose & Troster. Burley & Co. was a dealer in stock, buying and selling it for its own account. It was concerned merely with the profit it could make on the purchase and sale of ten shares of stock and not in any specific ten shares. It might be assumed that it had intended to deliver to Hoit, Rose & Troster the very certificate it expected to receive from the plaintiff. Like the plaintiff, Burley & Co. was privileged to deliver to Hoit, Rose & Troster any ten shares of stock in fullfillment of its contract of sale. When in fact the plaintiff failed to deliver her certificate for ten shares on the day following the sale, Burley & Co. exercised its right to deliver other shares, and its clearing agent did, in fact, deliver a certificate belonging to one of its customers. Manifestly, therefore, the defendant Burley & Co. did not dispose of its beneficial right to any specific stock prior to the closing of the bank, within the rule established in *Broderick* v. *Aaron* (264 N. Y. 368).

" To terminate such liability, actual transfer of the beneficial ownership, by resale of the specific stock to which the beneficial ownership attached, is necessary. Their rights and obligations incident to beneficial ownership in specific stock are not divested until the beneficial ownership to that particular stock passes from the buyer." (*Broderick* v. *Alexander*, 268 N. Y. 306, 313.)

Burley & Co. may have a right to indemnity from Hoit, Rose & Troster, but such question is not before the court. The defendant Burley & Co.'s motion for summary judgment dismissing the complaint is denied, and the plaintiff's motion for summary judgment is granted.

Let judgment be entered accordingly.